Otis W. HARRISON, as Temporary Administrator of the Estate of Peggy Joyce Bozard, deceased, Plaintiff,

v.

Dr. A. R. KOVATS and Dr. B. Kovats, Defendants.

Civ. A. No. 4351.

United States District Court
W. D. South Carolina,
Greenville Division.

Dec. 30, 1963.

---

582

Lofton M. Fanning, W. T. Klapman, Orangeburg, S. C., for plaintiff.

James R. Mann, Greenville, S. C., for defendants.

WYCHE, District Judge.

The above case is before me upon the motion of the defendants to quash the service of process upon them upon the following grounds: "1. These Defendants, without submitting themselves to the jurisdiction of the above styled court, state that they are not residents of the State of South Carolina and were not residents of the State of South Carolina at the time service of process was made upon them. 2. The Court lacks jurisdiction over these Defendants. 3. There is improper service of process upon these Defendants. 4. There is insufficiency of process upon these Defendants. 5. There is lack of Diversity of Citizenship, as required by the Federal Rules of Civil Procedure, in order to give this Court jurisdiction over these Defendants."

Rule 4(f), Federal Rules of Civil Procedure, provides: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, *and*,
*when authorized by* a statute of the United States or by *these rules, beyond the territorial limits of that state.* \* \* \* A subpoena may be served within the territorial limits provided in Rule 45." (Italics added)

Rule 4(d) (7), Federal Rules of Civil Procedure, provides: " \* \* \* *it is also sufficient if the summons and complaint are served* in the manner prescribed by any statute of the United States or *in the manner prescribed by the law of the state in which the district court is held for the service of summons* or other like process *upon any such defendant in an action brought in the courts of general jurisdiction of that state.*" (Italics added)

Section 10–451(2), Code of Laws of South Carolina, 1962, provides: "When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, \* \* \* and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made \* \* \*, such court, judge, \* \* \* may grant an order that the service be made by the publication of the summons in any one or more of the following cases: (1) \* \* \* (2) *When the defendant, being a resident of this State, has departed therefrom, with intent* to defraud his creditors or *to avoid the service of a summons or keeps himself concealed therein with like intent;* (3) \* \* \* (4) \* \* \* (5) \* \* \* (6) \* \* \* (7) \* \* \*." (Italics added)

Section 10–455, Code of Laws of South Carolina, 1962, provides: "Effect of personal service out of State.—*Personal service of the summons out of State shall be equivalent to publication and deposit in the post office, and when such service is had no affidavit, as provided for in § 10-451, order for publication or deposit in the post office shall be necessary.* Such personal service so made shall be complete and final on the day of the date of the personal service of the

summons as fully as if such personal service had been made under the provisions of statutes providing personal service within the State." (Italics added)

Plaintiff contends that service of the summons and complaint in this case was made in accordance with the law of the State of South Carolina, and that such service is valid as allowed by Rule 4(d) (7).

■ Rule 3, Federal Rules of Civil Procedure, providing "A civil action is commenced by filing a complaint with the court" governs the commencement of all actions within the purview of the Rules of Civil Procedure, including actions in equity, as well as at law, diversity actions predicated upon state law as well as actions predicated upon federal law, regardless of whether service is to be made personally pursuant to Rule 4 (d) or otherwise pursuant to Rule 4(e). Volume 3, Cyclopedia of Federal Procedure, pp. 264, 265, and cases therein cited.

This action was commenced on May 27, 1963, when the summons and complaint were filed with the Clerk of the United States District Court at Greenville, South Carolina. On May 28, 1963, the United States Marshal for the Western District of South Carolina, made an endeavor to serve the defendants with the summons and complaint in Clinton, South Carolina, and again on May 29, 1963, and again on June 14, 1963. The United States Marshal stated to the court at the hearing of this motion, "it was in an apartment building and they were barricaded upstairs and the entrance was from the bottom floor of the apartment building. And both doors, front and back, were locked. * * * Mr. Mann: Do you know whether or not it was Doctor and Mrs. Kovats you talked to? Mr. Ashley: They said they were man and wife, doctors. Mr. Mann: You talked to them from a window; they were at an upstairs window. Mr. Ashley: He even went to the extent to tell me that it wasn't his car parked in the driveway and it was his station wagon parked and in a few minutes, why, thirty minutes after that, I talked to Dr. Whitten (defendants' employer), I met them coming from town and I immediately turned my car and they carried me through a one-way street down there at a reckless rate of speed to avoid—thinking maybe that I'd try to stop them. * * * Mr. Ashley: Yes, sir, they were informed at the time, Judge. They talked about the case of the child and they said they were not coming down to be served."

The defendants' employment in South Carolina, was terminated by their employer on May 20, 1963. The defendants moved their furniture and effects from South Carolina, to Florida, on or about June 15, 1963. Personal service was made on the defendants in Orlando, Florida, on June 27, 1963. The defendant A. R. Kovats began employment in Orlando, Florida, on July 1, 1963.

Defendants were residents of the State of South Carolina, at the time of the commencement of this action and at the time service was attempted to be made on them in South Carolina on the three different occasions, but they concealed themselves, evaded the United States Marshal and avoided service of the summons and complaint upon them even though the United States Marshal notified them of the above entitled action and informed them that he was attempting to make service of the summons and complaint upon them.

■ In my opinion the plaintiff has sustained the burden of establishing that defendants departed from South Carolina "with intent * * * to avoid the service of a summons" and kept themselves concealed in South Carolina "with like intent" and the defendants being residents of the State of South Carolina at the time of the commencement of the action and at the time service was attempted to be made on them in South Carolina, the personal service of the summons and complaint in this case upon the defendants in Orlando, Florida, is good and proper service.

The complaint alleges diversity of citizenship. There is no merit in the fifth ground or in any of the other grounds of the motion.

It is, therefore, ordered, That the motion of the defendants to quash the service of process upon them upon all the grounds stated in the motion be and the same is hereby denied.